UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GARRICK MATTHEWS                                                                    Plaintiff

v.                                                              Civil Action No. 3:19-cv-P581-RGJ

LMPD, *et al.*                                                                      Defendants

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Garrick Matthews filed a *pro se* 42 U.S.C. § 1983 complaint proceeding *in forma pauperis*. This matter is before the Court upon initial screening pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss Plaintiff's claims but allow him to amend his complaint and order him to provide additional information concerning the state charges against him.

## I.

Plaintiff, identifying himself as a pretrial detainee at the Oldham County Detention Center, sues the Louisville Metro Police Department (LMPD) and the following LMPD officers: Detectives Beau Gadeguard and Curt Flynn and Sergeants Robert King and Kevin Casper. He sues Defendants in their official capacities only.

Plaintiff states that on December 9, 2018, Defendants Gadeguard, Flynn, Casper, and King violated his constitutional rights by "pulling me out of a car that I was not operating and detaining me for no reason." He states, "Detective Casper stated that I was nervous and stuttering while talking to him. So he demanded me to get out of the car. And handcuffed me. [] The detectives searched the car without permission and found a weapon that the passenger said was hers." He states that Defendant Gadeguard "was trying to get her to say that the weapon

was mine." Plaintiff further asserts that Defendant King "was making false accusations against me which violated my due process. So did Detective Gadeguard." Plaintiff maintains that Defendant Gadeguard also searched the passenger's purse "and found drug paraphernalia and charged me with it."

Plaintiff states that his Fourth and Fourteenth Amendment rights were violated by all of the Defendant officers. He asserts, "There is more of my rights violated in this incident but I'm lame to the law." He also states, "The LMPD has since changed its policy."

As relief, Plaintiff seeks compensatory and punitive damages. Where the form asks the filer to state any other relief sought, Plaintiff writes "incarcerated."

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of

2

legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Plaintiff sues Defendants LMPD and the Defendant officers in their official capacities only. LMPD is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Louisville Metro Government is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990). The Court therefore will construe the claim against Defendant LMPD as a claim brought against Louisville Metro Government.

Moreover, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, the Court construes Plaintiff's official-capacity claims against Defendants Gadeguard, Flynn, King, and Casper as brought against their employer, Louisville Metro Government.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To establish municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that Defendants "pull[ed] me out of a car that I was not operating and detain[ed] me for no reason"; handcuffed him and search the car without permission and found a gun that belonged to another passenger; tried to get the other passenger to say it was Plaintiff's; made false accusations against him; and found drug paraphernalia in the other passenger's purse and charged Plaintiff with it. Plaintiff does not allege that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Louisville Metro Government. Plaintiff alleges an isolated occurrence affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). The Court notes

that Plaintiff states that "LMPD has since changed its policy." But he does not state any policy

that motivated the actions alleged in the complaint. Accordingly, Plaintiff's claim against

Defendant LMPD and his official-capacity claims against Defendants Gadeguard, Flynn, King,

and Casper must be dismissed for failure to state a claim upon which relief may be granted.

However, "under Rule 15(a) a district court can allow a plaintiff to amend his complaint

even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform

Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will allow Plaintiff

an opportunity to file an amended complaint to sue the Defendant officers in their individual

capacities.

Assuming that Plaintiff will choose to file an amended complaint, the Court construes the

complaint as alleging Fourth Amendment claims for illegal search and seizure and false arrest

under 42 U.S.C. § 1983. The U.S. Supreme Court has held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any
> other claim related to rulings that will likely be made in a pending or anticipated
> criminal trial), it is within the power of the district court, and in accord with
> common practice, to stay the civil action until the criminal case or the likelihood
> of a criminal case is ended.

*Wallace v. Kato,* 549 U.S. 384, 393 (2007). In light of *Wallace v. Kato*, if Plaintiff has a

criminal case stemming from his allegations that is still pending, it may be necessary for the

Court to stay the instant action until completion of the criminal matter. Alternatively, if Plaintiff

has been convicted of the charges which he claims were brought illegally, his claims may be

barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under the

*Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief

challenging his conviction or sentence if a ruling on his claim would render the conviction or

sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal,

expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Accordingly, to determine whether this action may proceed upon initial review at this point, the Court will request that Plaintiff to provide additional information about the state charges against him.

## IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim against Defendant LMPD and his official-capacity claims against Defendants Gadeguard, Flynn, King, and Casper are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate Defendant LMPD** as party to this action.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff must file an amended complaint** in which he sues the Defendant officers in their individual capacities.

The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on page 2 of Plaintiff's § 1983 complaint form (DN 1) and send it to Plaintiff for his use.

**IT IS FURTHER ORDERED** that within **30 days** of the entry date of this Order, Plaintiff shall advise this Court in writing as to the status of the criminal charges against him. Specifically, Plaintiff must state all charges filed against him arising out of the incident that is the subject of this lawsuit and, for all charges, state whether the charges have been dismissed, whether they are still pending, or whether he has been convicted.

**Plaintiff is WARNED that should he fail to comply fully with this Order within 30 days, the Court will enter an Order dismissing the action for the reasons stated herein and for failure to comply with an Order of this Court.**

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
A961.010