UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GARRICK MATTHEWS                                                                                                    Plaintiff

v.                                                                                      Civil Action No. 3:19-CV-P581-RGJ

LMPD, *et al.*                                                                                                       Defendants

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Garrick Matthews filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 action. By prior Order (DN 15), the Court ordered that the action be stayed pending the final disposition of Plaintiff's criminal action pending in the Western District of Kentucky. *See United States v. Garrick Matthews*, Criminal Action No. 3:19CR-63-DJH. Plaintiff filed a letter notifying the Court that the criminal case was concluded on June 22, 2020 (DN 16). Accordingly,

**IT IS ORDERED** that the **STAY is LIFTED**.

The matter is now before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court will dismiss this action.

## I. STATEMENT OF CLAIMS

Plaintiff sues the following Louisville Metro Police Department (LMPD) officers in their individual capacities: Detectives Beau Gadeguard and Curt Flynn and Sergeants Robert King and Kevin Casper.[1]

Plaintiff states that on December 9, 2018, Defendants Gadeguard, Flynn, Casper, and King violated his constitutional rights by "pulling me out of a car that I was not operating and

---

[1] By prior Memorandum Opinion and Order, the Court dismissed Plaintiff's claims against Defendants LMPD and the official-capacity claims against Defendants Gadeguard, Flynn, King, and Casper upon initial review pursuant to § 1915A.

detaining me for no reason." He states, "Detective Casper stated that I was nervous and stuttering while talking to him. So he demanded me to get out of the car. And handcuffed me. [] The detectives searched the car without permission and found a weapon that the passenger said was hers." He states that Defendant Gadeguard "was trying to get her to say that the weapon was mine." Plaintiff further asserts that Defendant King "was making false accusations against me which violated my due process. So did Detective Gadeguard." Plaintiff maintains that Defendant Gadeguard also searched the passenger's purse "and found drug paraphernalia and charged me with it."

Plaintiff states that Defendants violated his Fourth and Fourteenth Amendment rights. He asserts, "There is more of my rights violated in this incident but I'm lame to the law." He also states, "The LMPD has since changed its policy."

As relief, Plaintiff seeks compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint

must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's complaint fails to state a claim for which relief may be granted because his action is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted).

The requirement that the prior criminal action ended favorably for the accused "'avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Id.* at 484 (citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

A review of the docket sheet in the criminal action against Plaintiff shows that he entered into a plea agreement on January 14, 2020, stating, "On December 9, 2018 in Louisville, Kentucky, Matthews possessed a concealed Bersa Model: Thunder 3, .380 caliber pistol, SN: 086934 and ammunition, under the driver seat of a car. Matthews possessed both firearms

3

with knowledge that he was a convicted felon and could not legally possess the firearms." *See* Criminal Action No. 3:19CR-63-DJH, DN 71. That docket sheet shows that Plaintiff was convicted on June 23, 2020, on three counts, including the offense of Felon in Possession of a Firearm with an offense date of December 9, 2018. *See id*., DN 107. Success in the instant civil action, which challenges the search that led to Plaintiff's conviction, would call his conviction into question. As such, his claims are barred by *Heck*.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:


cc: Plaintiff, *pro se*
 Defendants
 Jefferson County Attorney
A961.010